# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Donna Davis

### DEFENDANTS
United States of America, d/b/a United States Postal Service ("USPS"), Robert N.C. Nix Federal Building and City of Philadelphia

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jill R. Mezyk, Esquire, Mednick, Mezyk & Kredo, PC, 101 Greenwood Avenue, Suite 203, Jenkintown, PA 19046; (215) 545-1870

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[x] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other<br><br>**LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016<br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. sec. 2671, et seq., 28 U.S.C. sec. 1346(b) and 28 U.S.C. sec. 2401(b).

Brief description of cause:
Federal tort claims act, personal injury lawsuit

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 150,000
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 10/09/2024

SIGNATURE OF ATTORNEY OF RECORD
*/s/ Jill R. Mezyk*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _In front of the building located at 901 Market Street, Philadelphia, PA._

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☒ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☐ **does not** have implications beyond the parties before the court and ☐ **does** / ☐ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| DONNA DAVIS | : | CIVIL ACTION |
| v. | : | |
| UNITED STATES OF AMERICA, d/b/a UNITED STATES POSTAL SERVICE, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| October 10, 2024 | Jill R. Mezyk | Plaintiff, Donna Davis |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-1870 | (215) 545-7752 | mezyk@mmklawfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

American LegalNet, Inc.
www.FormsWorkFlow.com

IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA DAVIS, <br> 1046 E. Chelten Avenue <br> Philadelphia, PA 19138 <br><br> Plaintiff <br><br> v. <br><br> UNITED STATES OF AMERICA, d/b/a <br> UNITED STATES POSTAL SERVICE, <br> 901 Market Street <br> Philadelphia, PA 19107 <br><br> and <br><br> ROBERT N.C. NIX FEDERAL BUILDING, <br> 901 Market Street <br> Philadelphia, PA 19107 <br><br> and <br><br> CITY OF PHILADELPHIA, <br> 1515 Arch Street, 14th Floor <br> PHiladelphia, PA 19102 <br><br> Defendants | CIVIL ACTION NO. |

## CIVIL COMPLAINT

Plaintiff, Donna Davis, by her attorneys, Mednick, Mezyk & Kredo, PC, and Jill R. Mezyk, Esquire, by way of Complaint against United States of America, d/b/a United States Postal Service ("USPS"), Robert N.C. Nix Federal Building and City of Philadelphia, alleges and says:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., 28 U.S.C. § 1346(b) and 28 U.S.C. § 2401(b).

2. On August 29, 2024, Defendant United States of America, d/b/a United States Postal Service ("USPS") and Robert N.C. Nix Federal Building, formally notified Plaintiff that a resolution of her claim could not be made in the administrative claim process.  See August 29, 2024 letter, a true and correct copy of which is attached hereto and marked as Exhibit "A".

3. In accordance with 28 U.S.C. § 2401 (b) and 39 C.F.R. 912.9(a), Plaintiff is permitted to bring this action in the United States District Court.

4. Venue is proper under the applicable Federal Rules of Civil Procedure 28 U.S.C. § 1402(b) as the Plaintiff resides in this District, and the events giving rise to this action occurred in this District.

## THE PARTIES

5. Plaintiff, Donna Davis, is an adult individual who is a citizen of the Commonwealth of Pennsylvania, County of Philadelphia, residing at 1046 E. Chelten Avenue, Philadelphia, PA 19138.

6. Defendant, USPS, is a government agency, licensed to do business in the State of Pennsylvania, with an office in this District located at 901 Market Street, Philadelphia, PA 19107.

7. Defendant, Robert N.C. Nix Federal Building, is a government building, run by government employees, located at 901 Market Street, Philadelphia, PA 19107.

8. Defendant, City of Philadelphia, is a political subdivision of the Commonwealth

of Pennsylvania with an office address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible or secondary responsible, for the care, control and or safety of the premises/sidewalk located at or near 901 Market Street, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania (hereinafter referred to as "premises").

9. At all times material hereto, Defendants, USPS and Robert N.C. Nix Federal Building, and/or the City of Philadelphia, maintained and controlled the sidewalk in front of 901 Market Street, Philadelphia, PA (hereinafter referred to as "premises"), through their servants and/or employees, in the course and scope of the employment with the Defendants, USPS, Robert N.C. Nix Federal Building and/or City of Philadelphia.

**STATEMENT OF CLAIM**

10. On or about August 9, 2023, and at all times material hereto, Defendants, USPS, Robert N.C. Nix Federal Building, and/or City of Philadelphia, individually, jointly and/or severally, owned, operated, occupied, leased, controlled and/or maintained the building and property, including the sidewalk, located at 901 Market Street, Philadelphia PA.

11. On or about August 9, 2023, between 1:30 and 2:30 p.m., Plaintiff, Donna Davis, was walking on the sidewalk in front of the building located at 901 Market Street, Philadelphia, PA.

12. On or about August 9, 2023, between 1:30 and 2:30 p.m., as Plaintiff, Donna Davis, was walking in front of the building located at 901 Market Street, Philadelphia, PA, she was caused to fall due to the uneven and/or broken sidewalk, causing severe injuries to her, which will be more fully set forth at length below.

13. The defect was allowed to exist by the Defendants, individually, jointly and/or

severally, and existed for a sufficient period of time such that the Defendants knew, or in the exercise of reasonable care, should have known of it's existence, and the danger it created for members of the public, including Plaintiff.

14. At all times material hereto, Defendants, USPS, Robert N.C. Nix Federal Building, and City of Philadelphia were acting by and through their respective agents, servants, and/or employees who were there and then acting in the course and scope of their employment with Defendants, under their control and/or right of control.

15. At the time and date aforesaid, Plaintiff suffered serious and permanent injury because of the carelessness, recklessness and negligence of the Defendants, USPS, Robert N.C Nix Federal Building, and City of Philadelphia, individually, jointly and/or severally, as stated more specifically herein.

## COUNT I
## PLAINTIFF v. USPS, ROBERT N.C. NIX FEDERAL BUILDING and CITY OF PHILADELPHIA

16. Plaintiff hereby incorporates by reference all of the averments and allegations contained in the foregoing paragraphs as though the same were set forth herein.

17. It was the duty of the USPS, Robert N.C. Nix Federal Building, and City of Philadelphia, individually, jointly and/or severally, acting by and through their agents, servants, and/or employees acting within the course and scope of their employment to keep and maintain the property including the sidewalk located on the property in a reasonable and safe condition for lawful patrons and business invitees.

18. The negligence and carelessness of the USPS, Robert N.C. Nix Federal Building and City of Philadelphia, individually, jointly and/or severally acting by and through their authorized agents, servants and/or employees, acting within the course and scope of their

4

employment includes, but is not limited to, some or all of the following:

    a.    Failing to maintain the pavement/sidewalk which would protect and safeguard persons lawfully walking on the property;

    b.    Permitting the aforesaid area on the property to become and remain a suisance, snare, and trap for persons lawfully in said area;

    c.    Failing to repair the aforesaid area and/or ascertain the hazardous condition which existed at the aforesaid time;

    d.    Causing and/or permitting the broken and/or cracked pavement/sidewalk to remain uneven on the property;

    e.    Failing to maintain the sidewalk in a safe manner which would protect business invitees or patrons, such as Plaintiff, as well as other persons, from defects and dangerous conditions on the property;

    f.    Failing to warn the plaintiff of the defective and dangerous condition on the property, about which the defendant knew, or in the exercise of reaonsable care, should have known;

    g.    Failing to take all actions necessary to protect the public from dangerous and defective conditions which could cause injuries to members of the public and the Plaintiff;

    h.    Failing to take all actions necessary to protect the public from the dangerous and defective design condition which caused injuries to the plaintiff and other lawful patrons;

    i.    Failing to provide appropriate warnings of the dangerous conditions of the aforesaid area of the Property;

    j.    Failing to provide appropriate warnings of the dangerous conditions of the aforesaid area of the Property;

    k.    Failing to remove the dangerous conditions located at the Property;

    l.    Allowing a dangerous condition to exist at the aforesaid location for an unreasonable long period of time under the circumstances; and

    m.    Failing to provide a safe passage to members of the public and the Plaintiff.

19.    This incident resulted from the negligence and carelessness of the USPS, Robert

N.C. Nix Federal Building, and City of Philadelphia, individually, jointly and/or severally acting by and through their authorized agents, servants and/or employees, acting within the course and scope of their employment and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff, Donna Davis.

20. As a direct and proximate result of the defendants' actions, Plaintiff, Donna Davis, sustained extensive and severe personal injuries, inclusive but not limited to her neck, back, shoulders, knee, wrist and abdomen.

21. As a result of these injuries, Plaintiff, Donna Davis, has sustained the following damages:

    a. She has suffered and will suffer serious, severe and permanent injuries to her body;

    b. She has suffered and will suffer great pain, suffering inconvenience, humiliation, embarrassment and mental anguish and the loss of the ordinary pleasures of life, including family life;

    c. She has been and will be required to expend sums of money for medical attention, hospitalization, medical supplies, surgical appliances, medicines and attendant services;

    d. Her general health, strength and vitality have been impaired and will be impaired in the future; and

    e. Loss of income and impairment of future earning capacity.

WHEREFORE, Plaintiff, Donna Davis, demands judgment against all Defendants,

individually, jointly and/or severally, for compensatory damages, interests, costs of suit and all other relief this Court deems proper.

           Respectfully submitted:

         *Jill R. Mezyk*
By: _____
    JILL R. MEZYK, ESQUIRE
    Attorney ID # 69631
    MEDNICK, MEZYK & KREDO, P.C.
    101 Greenwood Avenue, Suite 203
    Jenkintown, PA 19046
    Tele: (215) 545-1870
    Fax:  (215) 545-7752
    mezyk@mmklawfirm.com

Date: October 9, 2024     ***Attorneys for Plaintiff, Donna Davis***

## VERIFICATION

I, Donna Davis, hereby state that I am the plaintiff in this action and that the statements made in the foregoing Civil Action complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities.

_Donna Davis (Sep 25, 2024 14:48 EDT)_
Donna Davis

# VERIFICATION

Final Audit Report                                                                                          2024-09-25

| | |
|---|---|
| Created: | 2024-09-25 |
| By: | Nair Gonzalez (gonzalez@mmklawfirm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAJWU7SuQgnR_IhzIlgFP1qkg4m6rzn0Us |

## "VERIFICATION" History

- Document created by Nair Gonzalez (gonzalez@mmklawfirm.com)
  2024-09-25 - 6:44:04 PM GMT

- Document emailed to davis.donna919@gmail.com for signature
  2024-09-25 - 6:44:21 PM GMT

- Email viewed by davis.donna919@gmail.com
  2024-09-25 - 6:47:14 PM GMT

- Signer davis.donna919@gmail.com entered name at signing as Donna Davis
  2024-09-25 - 6:48:17 PM GMT

- Document e-signed by Donna Davis (davis.donna919@gmail.com)
  Signature Date: 2024-09-25 - 6:48:19 PM GMT - Time Source: server

- Agreement completed.
  2024-09-25 - 6:48:19 PM GMT

![Adobe Acrobat Sign]

# EXHIBIT "A"



GSA Office of the General Counsel

August 29, 2024

<u>CERTIFIED MAIL – RETURN RECEIPT & EMAIL TO MEZYK@MMKLAWFIRM.COM</u>

Jill R. Mezyk, Esq.
Mednick, Mezyk & Kredo, P.C.
101 Greenwood Avenue, Suite 203
Jenkintown, PA 19046

        Claimant:           Donna Davis
        Date of Incident:    August 9, 2023
        GSA Claim Number:  LDT-1404-24-R3

Dear Ms. Mezyk:

The claim your firm submitted to the United States General Services Administration on April 10, 2024, on behalf of Donna Davis for personal injury damages allegedly sustained on the sidewalk outside of Robert N.C. Nix Federal Building and U.S. Post Office located at 901 Market Street in Philadelphia, Pennsylvania on August 9, 2023, has been reviewed, and a determination concerning same has been made. This claim is governed by the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671-2680) and its implementing regulations (28 C.F.R. § 14.1, <u>et seq.</u>), which provide for the payment of claims that arise from the negligent or wrongful acts or omissions of an employee of the federal government while acting within the scope of his or her employment.

A review of Ms. Davis's claim for damages concerning the above-referenced incident, which incident allegedly involved a trip on the sidewalk outside of the Robert N.C. Nix Federal Building and U.S. Post Office has revealed no negligence on the part of the United States Government or any of its employees. Rather, the photographs forwarded by your firm that purportedly show the portion of the sidewalk upon which Ms. Davis tripped do not demonstrate any defect that could result in a finding of negligence. In addition, even if it could be argued that such a defect exists, same would be deemed "trivial" as a matter of law and could therefore not be the basis for an actionable claim of negligence. <u>See</u>, <u>e.g.</u>, <u>Amatore v. Hampton Hotel</u>, 2009 Pa. Dist. & Cnty. Dec. LEXIS 530 (Pa. C.P. 2009); <u>Taylor v. Forest City Commer. Mgmt.</u>, 2014 Pa. Super. Unpub. LEXIS 956 (Pa. Super. Ct. 2014) (citing numerous examples of "trivial" sidewalk defects); <u>Mull v. Ickes</u>, 994 A.2d 1137, (Pa. Super. Ct. 2010). Therefore, Ms. Davis's claim in the amount of $500,000.00 (Five Hundred Thousand Dollars and Zero Cents) is hereby denied.

                                                        U.S. General Services Administration
                                                        Office of the General Counsel
                                                        National Tort Claims Center
                                                        2300 Main, Room 4NW419
                                                        Kansas City, Missouri 64108
                                                        (816) 823-5213
                                                        tortclaims@gsa.gov

This determination constitutes a final decision by the General Services Administration. If Ms. Davis is dissatisfied with this determination, she has the option to initiate an appropriate action in the relevant United States District Court, pursuant to Section 1346(b) of the Federal Tort Claims Act, not later than 6 (six) months after the date of the mailing of this determination. See 28 U.S.C. § 2401(b). Prior to the commencement of such a suit and prior to the expiration of the 6-month period for filing same, she may file a written request with this agency for reconsideration of the final denial of the claim. She may submit additional information with any such request for reconsideration. Upon the timely filing of a request for reconsideration, this agency will have 6 (six) months from the date of filing to make a final disposition concerning the request for reconsideration. The option to file a lawsuit under 28 U.S.C. § 2675(a) shall not accrue until 6 (six) months after the filing of the request for reconsideration.

    Sincerely,

    *Kimberly Thayer*

    Kimberly I. Thayer, Esq.
    National Tort Claims Center
    Office of the General Counsel
    General Services Administration

**U.S. General Services Administration**
Office of the General Counsel
National Tort Claims Center
2300 Main, Room 4NW419
Kansas City, Missouri 64108
(816) 823-5213
tortclaims@gsa.gov